**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM T. COOPER, JAY R. HOLCOMB, JEFFERY D. JOHNSON, JEREMY S. STOELTING, and JAMES D. PATTON, | ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | **Case No.** |
| V. | ) ) ) | **JURY TRIAL DEMANDED** |
| SHERIFF CORY HUTCHESON, Serve:  200 W. Commercial St.      Charleston, MO 63834 | ) ) ) ) ) ) | |
| **Defendant.** | ) | |

**COMPLAINT**

COME NOW Plaintiffs William T. Cooper, Jay R. Holcomb, Jeffery D. Johnson, Jeremy

S. Stoelting, and James D. Patton ("Plaintiffs"), by counsel, and for their Complaint against

Defendant Sheriff Cory Hutcheson ("Defendant"), state as follows:

1.      This is a civil action seeking injunctive relief and money damages against

Defendant for committing acts under color of state law which deprived Plaintiffs of their rights

secured under the Constitution and laws of the United States and also the laws of the State of

Missouri.

**PARTIES**

2.      Plaintiff William T. Cooper is a resident of New Madrid County, Missouri.

3.      Plaintiff Jay R. Holcomb is a resident of Stoddard County, Missouri.

4.      Plaintiff Jeffery D. Johnson is a resident of Ripley County, Missouri.

5.      Plaintiff Jeremy S. Stoelting is a resident of Dunklin County, Missouri.

6.      Plaintiff James D. Patton is a resident of New Madrid County, Missouri.

7.      Plaintiffs are members of the Missouri State Highway Patrol.

8.      At all relevant times, Defendant was the duly elected Sheriff of Mississippi County, Missouri, and/or was an employee of the Mississippi County Sheriff's Department.

9.      Defendant is sued in his official and individual capacity and, at all times referenced herein, was acting under the color of the laws, statutes, ordinances, policies, customs and usages of the State of Missouri or was acting in active concert with others who were so acting.

## JURISDICTION

10.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, 28 U.S.C. §§ 2701 *et seq.*, as well as pendent state law tort claims.

11.     This Court has jurisdiction over this action pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

12.     Venue is proper under 28 U.S.C. § 1391 because the Defendant is a resident of Mississippi County, Missouri and because a substantial part of the events giving rise to Plaintiffs' claims occurred in Mississippi County, Missouri.

## FACTS COMMON TO ALL COUNTS

13.     Securus Technologies, Inc. ("Securus") is a company that provides communications systems, call management, and other services to law enforcement agencies and correctional facilities.

14.     One service that Securus provides is the ability to "ping" an individual's cell phone.

15.     To "ping" a cell phone, a law enforcement officer provides Securus with an individual's cell phone number and other information.

16.     In return, Securus provides the law enforcement officer the location of the cell phone in near real time, as well as other information personal to the cell phone user.

17.     "Pinging" a cell phone may be useful in furtherance of legitimate law enforcement investigations and/or emergency situations.

18.     If unchecked, however, law enforcement officers have the opportunity and ability to unlawfully spy on individuals through the "pinging" process.

19.     Therefore, a law enforcement agency may not "ping" an individual's cell phone through a company like Securus without obtaining a warrant, or by providing other verified and authorized documentation according to law.

20.     On July 22, 2014 Defendant submitted false paperwork to Securus in order to "ping" the cell phone of Plaintiff Jay R. Holcomb.

21.     On August 4, 2014, Defendant submitted false paperwork to Securus in order to "ping" the cell phone of former Mississippi County Sheriff Keith Moore.

22.     On October 12, 2014 Defendant submitted false paperwork to Securus in order to "ping" the cell phone of Plaintiff William T. Cooper.

23.     On October 12, 2014 Defendant submitted false paperwork to Securus in order to "ping" the cell phone of Plaintiff Jeffery D. Johnson.

24.     On October 12, 2014 Defendant submitted false paperwork to Securus in order to "ping" the cell phone of Plaintiff Jeremy S. Stoelting.

25.    On October 23, 2014 Defendant submitted false paperwork to Securus in order to "ping" the cell phone of Mississippi County Circuit Judge David Dolan.

26.    On October 30, 2014 Defendant submitted false paperwork to Securus in order to "ping" the cell phone of Plaintiff James D. Patton.

27.    In addition to those instances described above, Defendant is believed to have unlawfully "pinged" the cell phones of Plaintiffs on other occasions.

28.    Plaintiffs were not under any type of investigation at the time, nor was there any other lawful reason for Defendant to be spying on them.

## COUNT I—1983 ACTION

29.    Plaintiffs incorporate paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30.    Defendant's actions were committed for the unlawful purpose of spying on Plaintiffs for his own personal gain, constituted an unlawful abuse of power, and otherwise served no lawful purpose.

31.    The Fourth Amendment of the United States Constitution states:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized.

32.    "Pinging" a cell phone constitutes a search and seizure under the Fourth Amendment and is an invasion of the reasonable expectation of privacy of citizens.

33.    Defendant's actions constitute an unreasonable search and seizure in that they were conducted without probable cause, lawful warrant or other process.

34.    Defendant's acts were committed under color of state law.

4

35.     Defendant's acts violated clearly established statutory and constitutional rights of which a reasonable person would have known.

36.     Defendant's acts were outrageous because of an evil motive and intent, and/or involved reckless and callous indifference to Plaintiffs' rights.

WHEREFORE, Plaintiffs respectfully pray this Court to:

a.  Permanently enjoin Defendant or his agents, assistants, successors, employees and persons acting in concert or cooperation with him from further violating the rights, privileges and immunities guaranteed to Plaintiffs under the Constitution of the United States;

b.  Grant compensatory damages to Plaintiffs;

c.  Grant punitive damages to Plaintiffs; and

d.  Grant Plaintiffs' costs of this action, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

## COUNT II—VIOLATION OF STORED COMMUNICATIONS ACT

37.     Plaintiffs incorporate paragraphs 1 through 36 of this Complaint as if fully set forth herein

38.     Like other law enforcement agencies, the Mississippi County Sheriff's Department "pings" cell phones by applying to companies like Securus pursuant to procedures outlined in the Stored Communications Act, 28 U.S.C. §§ 2701 *et seq.*

39.     Defendant's acts as described above constitute a violation of the Stored Communications Act in that, among other things:

a.  Defendant failed to obtain a warrant or other court order;

b.  Defendant submitted false documentation to Securus.

5

40.     Defendant's acts were willful and intentional, thereby justifying an award of punitive damages.

WHEREFORE, Plaintiffs respectfully pray this Court to:

    a.  Permanently enjoin Defendant or his agents, assistants, successors, employees and persons acting in concert or cooperation with him from further violating the Stored Communications Act;

    b.  Grant compensatory and statutory damages to Plaintiffs;

    c.  Grant punitive damages to Plaintiffs; and

    d.  Grant Plaintiffs' costs of this action, including reasonable attorneys' fees pursuant to 18 U.S.C. § 2707.

## COUNT III—INVASION OF PRIVACY

41.     Plaintiffs incorporate paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42.     Plaintiffs had a reasonable expectation of privacy in their locations and private affairs.

43.     Defendant's actions constitute an intrusion upon the solitude, seclusion and private affairs of Plaintiffs.

44.     Defendant's actions were unreasonable and highly offensive to a reasonable person.

45.     Defendant's acts were outrageous because of an evil motive and intent, and/or involved reckless and callous indifference to Plaintiffs' rights.

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor, and award them compensatory damages in an amount that is fair and reasonable in excess of $25,000,

punitive damages, their costs and attorneys' fees where available, and such other and further relief as is just and proper under the circumstances.

Respectfully submitted,

THE LIMBAUGH FIRM
407 N. Kingshighway, P.O. Box 1150
Cape Girardeau, MO  63702-1150
Telephone:  (573) 335-3316
Facsimile: (573) 335-1369
curt@limbaughlaw.com
jsteffens@limbaughlaw.com


By_____/s/ Curtis O. Poore_____
        Curtis O. Poore, #38067MO
        John C. Steffens, #63267MO

ATTORNEYS FOR PLAINTIFFS