IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| WILLIAM T. COOPER, JAY R. HOLCOMB, JEFFERY D. JOHNSON, JEREMY S. STOELTING, and JAMES D. PATTON, | ) ) ) ) ) |
| Plaintiffs, | ) Case No. 1:17-cv-00073 |
| V. | ) ) ) |
| SHERIFF CORY HUTCHESON, | ) ) ) |
| Defendant. | ) ) ) |

**PLAINTIFFS' RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS COUNT II**

**A. Introduction.**

Plaintiffs are five members of the Missouri State Highway Patrol seeking redress for illegal spying conducted by Mississippi County Sheriff Cory Hutcheson ("Hutcheson"). Hutcheson has been investigated for these and other wrongs by the Federal Bureau of Investigation and has been arrested and charged with numerous crimes by the Missouri Attorney General.

Plaintiffs have stated claims against Hutcheson under 42 U.S.C. §1983, the Stored Communications Act, 18 U.S.C. §2701, *et seq.* ("SCA"), and Missouri state tort claims. Hutcheson has moved to dismiss Plaintiffs' SCA claims because, he argues, the claims are barred by the two-year statute of limitations. Hutcheson is incorrect. Although Hutcheson's illegal spying did begin more than two years ago, the statute of limitations does not begin to run under the SCA until a plaintiff first discovers or has reason to discover a violation. Nothing in the Complaint suggests that

Plaintiffs knew that Defendant was spying on them at the time he was doing it, and in fact they could not have known. That is the nature of illegal spying. Hutcheson's Motion to Dismiss should be denied.

### B. Plaintiffs' Complaint does not establish on its face that they discovered or had a reasonable opportunity to discover Hutcheson's violations before May 9, 2015.

"In ruling on a motion to dismiss, the Court must assume all the facts alleged in the complaint are true, and liberally construe the complaint in the light most favorable to [the] Plaintiff[s]." *Stewart v. Village of Innsbrook*, 2017 WL 1540628, *2 (E.D. Mo. 2017). "As a general rule, the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself established the defense." *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011) (reversing the district court's grant of a motion to dismiss based on the statute of limitations); *see also Stewart*, 2017 WL 1540628 at *2 ("When considering a Rule 12(b)(6) motion based on the running of a statute of limitations, the Court may only grant the motion if it is clear from the face of the complaint that the cause of action is time-barred.").

The SCA provides that "[a] civil action under this section may not be commenced later than two years after the date upon which the claimant first discovered or had a reasonable opportunity to discover the violation." 18 U.S.C. § 2707(f). Plaintiffs filed their Complaint on May 9, 2017, meaning that their claims must have accrued on or after May 9, 2015 in order to avoid the SCA's two-year statute of limitations. The only questions for the Court then are whether Plaintiffs' Complaint clearly establishes (1) that Plaintiffs discovered Hutcheson's illegal acts before May 9, 2015 or (2) that Plaintiffs had a "reasonable opportunity" to discover Hutcheson's illegal acts before May 9, 2015.

2

### 1. The Complaint does not clearly establish that Plaintiffs discovered Hutcheson's illegal acts before May 9, 2015.

Plaintiffs' Complaint says nothing about when each of them first actually discovered Hutcheson's illegal acts. The only allegations in the Complaint that include dates are as follows:

> 20. On July 22, 2014 Defendant submitted false paperwork to Securus in order to "ping" the cell phone of Plaintiff Jay R. Holcomb.
>
> 21. On August 4, 2014, Defendant submitted false paperwork to Securus in order to "ping" the cell phone of former Mississippi County Sheriff Keith Moore.
>
> 22. On October 12, 2014 Defendant submitted false paperwork to Securus in order to "ping" the cell phone of Plaintiff William T. Cooper.
>
> 23. On October 12, 2014 Defendant submitted false paperwork to Securus in order to "ping" the cell phone of Plaintiff Jeffery D. Johnson.
>
> 24. On October 12, 2014 Defendant submitted false paperwork to Securus in order to "ping" the cell phone of Plaintiff Jeremy S. Stoelting.
>
> 25. On October 23, 2014 Defendant submitted false paperwork to Securus in order to "ping" the cell phone of Mississippi County Circuit Judge David Dolan.
>
> 26. On October 30, 2014 Defendant submitted false paperwork to Securus in order to "ping" the cell phone of Plaintiff James D. Patton.

[Complaint, Doc. 1, ¶¶ 20 – 26].

These allegations only establish certain dates that Hutcheson is *now known* to have committed illegal acts. The only reason Plaintiffs have even these dates is because they were included in criminal documentation filed against Hutcheson in 2017. But nothing in the Complaint alleges or even suggests that Plaintiffs actually discovered Hutcheson's wrongdoing on those dates. Therefore, the Complaint does not clearly establish on its face that Plaintiffs discovered Hutcheson's illegal acts prior to May 9, 2015.

## 2. The Complaint does not clearly establish that Plaintiffs had a "reasonable opportunity" to discover Hutcheson's illegal acts before May 9, 2015.

Here again, the Complaint does not allege that Plaintiffs had a "reasonable opportunity" to discover Hutcheson's illegal acts before May 9, 2015.  Nor does Hutcheson explain how any particular allegation in the Complaint suggests that they could have.

The Court should be cognizant of the type of actions Plaintiffs allege against Hutcheson.  This case does not involve an auto accident, an assault and battery, or similar fact pattern in which the date and discovery of injury are likely to be one and the same.  Plaintiffs allege illegal spying that by its nature may not be discovered for some time after it occurs.  Plaintiffs allege among other things that Hutcheson submitted false paperwork, that he spied for his own personal gain, that Plaintiffs were not under any investigation at the time, and that there was no other lawful reason for Hutcheson to be spying on Plaintiffs. [Complaint, Doc. 1, ¶¶ 20 – 30].  Taking these allegations as true and construing them liberally in Plaintiffs' favor as the Court must, the Complaint does not clearly establish on its face that Plaintiffs had a reasonable opportunity to discover Hutcheson's illegal acts prior to May 9, 2015.

## 3. Plaintiffs allege that Hutcheson is believed to have unlawfully pinged Plaintiffs' cell phones on other occasions.

In addition to the allegations regarding Hutcheson's acts in 2014, Plaintiffs also allege that Hutcheson "is believed to have unlawfully pinged the cell phones of Plaintiffs on other occasions." [Complaint, ¶ 27].  Plaintiffs have reason to believe that Hutcheson unlawfully pinged cell phones numerous times after May 9, 2015, including after Hutcheson took office as sheriff on January 1, 2017.  These dates would be well within the two-year statute of limitations for SCA claims and Plaintiffs are entitled to discover the dates of these other unlawful acts.

### C. Conclusion

The only question for the Court is whether the Complaint clearly establishes a statute of limitations defense on its face. As described above it does not. Hutcheson's Motion to Dismiss should be denied.

        Respectfully submitted,

        THE LIMBAUGH FIRM
        407 N. Kingshighway, P.O. Box 1150
        Cape Girardeau, MO  63702-1150
        Telephone:  (573) 335-3316
        Facsimile: (573) 335-1369
        curt@limbaughlaw.com
        jsteffens@limbaughlaw.com

By    /s/ Curtis O. Poore
        Curtis O. Poore, #38067MO
        John C. Steffens, #63267MO

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2017 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to the attorneys of record in this case.

        /s/ Curtis O. Poore