UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| WILLIAM T. COOPER, JAY R. HOLCOMB, JEFFERY D. JOHNSON, JEREMY S. STOELTING, and JAMES D. PATTON, <br><br> Plaintiffs, <br><br> vs. <br><br><br><br> SHERIFF CORY HUTCHESON, <br><br> Defendant. | Case No. 1:17 CV 73 ACL |

## **MEMORANDUM AND ORDER**

This action is before the Court on Defendant's Motion to Dismiss Count II of Plaintiff's Complaint. (Doc. 6.)

### **I.**     **Background**

Plaintiffs William T. Cooper, Jay R. Holcomb, Jeffery D. Johnson, Jeremy St. Stoelting, and James D. Patton are all members of the Missouri State Highway Patrol. Plaintiffs claim that Defendant Cory Hutcheson, Sheriff of Mississippi County, Missouri, submitted false paperwork to Securus, a company that provides communication services to law enforcement agencies, in order to unlawfully spy on the individual Plaintiffs.

In Count I of the Complaint, Plaintiffs allege claims under 42 U.S.C. § 1983 for unreasonable search and seizure. In Count II, Plaintiffs claim that Defendant's actions violated the Stored Communications Act, 28 U.S.C. §§ 2701 *et seq*. ("SCA"). Lastly, in Count III, Plaintiffs allege an invasion of privacy claim under Missouri state law.

1

Defendant moved to dismiss Count II for failure to state a claim for which relief may be granted, on the basis that it is barred by the two-year statute of limitations set forth in the SCA, 18 U.S.C. § 2707(f). Plaintiffs have filed a Response in Opposition to Defendant's Motion to Dismiss Count II, in which they argue that the Motion should be denied because the statute of limitations does not begin to run under the SCA until a plaintiff first discovers or has reason to discover a violation.

## II. Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). A complaint must be dismissed for failure to state a claim if it does not plead enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 560 (2007). A petitioner need not provide specific facts to support his allegations, *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the grounds on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.,* 517 F.3d 544, 549 (8th Cir. 2008), *cert. denied,* 129 S.Ct. 222 (2008) (quoting *Twombly,* 550 U.S. at 555–56 & n. 3).

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the petitioner. *Kottschade v. City of Rochester,* 319 F.3d 1038, 1040 (8th Cir. 2003). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the

factual content. . .allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged." *Cole v. Homier Dist. Co., Inc.,* 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). When determining the facial plausibility of a claim, the Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta,* 410 F.3d 1036, 1039 (8th Cir. 2005)).

### III. Discussion

The SCA allows a private cause of action where "any person" injured by a violation of the SCA can show that the person violating the Act acted with a "knowing or intentional state of mind[.]" 18 U.S.C. § 2707(a). The SCA provides any such civil action "may not be commenced later than two years after the date upon which the claimant first discovered or had a reasonable opportunity to discover the violation." 18 U.S.C. § 2707(f).

In the Complaint, Plaintiffs allege the following dates relevant to Count II:

20. On July 22, 2014 Defendant submitted false paperwork to Securus in order to "ping" the cell phone of Plaintiff Jay R. Holcomb.

21. On August 4, 2014, Defendant submitted false paperwork to Securus in order to "ping" the cell phone of former Mississippi County Sheriff Keith Moore.

22. On October 12, 2014 Defendant submitted false paperwork to Securus in order to "ping" the cell phone of Plaintiff William T. Cooper.

23. On October 12, 2014 Defendant submitted false paperwork to Securus in order to "ping" the cell phone of Plaintiff Jeffery D. Johnson.

24. On October 12, 2014 Defendant submitted false paperwork to Securus in order to "ping" the cell phone of Plaintiff Jeremy S. Stoelting.

25. On October 23, 2014 Defendant submitted false paperwork to Securus in order to "ping" the cell phone of Mississippi County Circuit Judge David Dolan.

26. On October 30, 2014 Defendant submitted false paperwork to Securus in order to "ping" the cell phone of Plaintiff James D. Patton.

(Doc.1 at ¶¶ 20-26.)

In support of his Motion to Dismiss, Defendant contends that "Plaintiff's Complaint affirmatively shows that discovery of the claims as alleged in Count II of Plaintiffs' Complaint occurred in 2014," and that the Complaint filed on May 9, 2017, is therefore untimely. (Doc. 7 at 1-2.)

Contrary to Defendant's allegation, however, Plaintiffs do not state in the Complaint that they discovered the violations of the SCA in 2014. The Complaint is silent as to the date Plaintiffs discovered the violations. Plaintiffs argue in their Response that they have not alleged that they "knew that Defendant was spying on them at the time he was doing it," rather "they could not have known. That is the nature of illegal spying." (Doc. 9 at 1-2.) Plaintiffs contend that they only became aware of the dates the illegal acts occurred due to a criminal action filed against Hutcheson in 2017. They further argue that the Complaint does not establish that Plaintiffs had a reasonable opportunity to discover Hutcheson's illegal acts prior to May 9, 2015. Finally, Plaintiffs point to their broader allegation in Count II that Hutcheson "is believed to have unlawfully 'pinged' the cell phones of Plaintiffs on other occasions" (Doc. 1 at ¶ 27), and aver that those occasions include dates after May 9, 2015 and into 2017.

Dismissal on the basis of the statute of limitations is only proper where the complaint itself establishes the defense. *See Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011) (citing *Varner v. Peterson Farms*, 371 F.3d 1011, 1017-18 (8th Cir. 2004) ("the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense."). In this case, it is important to understand that the ability to "ping" an individual's cellular phone can be useful in criminal

investigations because it is not possible for the user of the cellular phone to detect that their cellular service provider is sharing their phone's location information with a law enforcement agency. With that knowledge in hand, the face of the Complaint does not support Hutcheson's argument that the Plaintiffs knew false paperwork was submitted to Securus at the time each request was made for the Plaintiffs' cellular phones to be "pinged" between July 22, 2014 and October 30, 2014. Nor does the Complaint explain when the Plaintiffs discovered the SCA violations they believe Hutcheson committed. The Complaint reveals that the Plaintiffs believe Hutcheson violated the SCA with regard to their cellular phones on additional occasions. Whether those occasions were before or after the specific instances identified in the Complaint is unclear. In any event, the Complaint alone does not establish a statute of limitations defense regarding Count II because it is reasonable for the Court to conclude that the Plaintiffs did not learn of the alleged violations of the SCA until after May 9, 2015. Thus, Defendant's Motion to Dismiss will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 6) is **denied**.

/s/ Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of October, 2016.