**EXHIBIT 1**

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| WILLIAM T. COOPER, JAY R. HOLCOMB, JEFFERY D. JOHNSON, JEREMY S. STOELTING, and JAMES D. PATTON, | ) ) ) ) ) |
| Plaintiffs, | ) Case No. 1:17-CV-00073-ACL ) |
| v. | ) JURY TRIAL DEMANDED ) ) |
| CORY HUTCHESON, | ) ) |
| and | ) ) |
| SECURUS TECHNOLOGIES, INC., Serve:  CT Corporation System, Reg. Agent 120 South Central Avenue Clayton, MO 63105 | ) ) ) ) ) |
| Defendants. | ) |

## SECOND AMENDED COMPLAINT

COME NOW Plaintiffs William T. Cooper, Jay R. Holcomb, Jeffery D. Johnson, Jeremy S. Stoelting, and James D. Patton ("Plaintiffs"), by counsel, and for their Second Amended Complaint against Defendants Cory Hutcheson ("Mr. Hutcheson") and Securus Technologies, Inc. ("Securus") (collectively "Defendants"), state as follows:

1. This is a civil action seeking money damages against Defendants for committing acts under color of state law which deprived Plaintiffs of their rights secured under the Constitution and laws of the United States and also the laws of the State of Missouri.

### PARTIES

2. Plaintiff William T. Cooper is a resident of New Madrid County, Missouri.

3. Plaintiff Jay R. Holcomb is a resident of Stoddard County, Missouri.

4. Plaintiff Jeffery D. Johnson is a resident of Ripley County, Missouri.

5. Plaintiff Jeremy S. Stoelting is a resident of Dunklin County, Missouri.

6. Plaintiff James D. Patton is a resident of New Madrid County, Missouri.

7. Plaintiffs are members of the Missouri State Highway Patrol.

8. At all relevant times, Mr. Hutcheson was the duly elected Sheriff of Mississippi County, Missouri, and/or was an employee of the Mississippi County Sheriff's Department.

9. Mr. Hutcheson is sued in his official and individual capacity and, at all times referenced herein, was acting under the color of the laws, statutes, ordinances, policies, customs and usages of the State of Missouri or was acting in active concert with others who were so acting.

10. Securus is a Delaware corporation with its principal place of business in Texas.

11. Securus is registered to do business in Missouri and the allegations contained herein relate to Securus's business activities in Missouri.

**JURISDICTION**

12. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, 28 U.S.C. §§ 2701 *et seq.*, as well as pendent state law tort claims.

13. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§1331, 1343 and 1367.

14. This Court has personal jurisdiction over Mr. Hutcheson because he is a citizen of Missouri and all actions committed by him as alleged herein were committed within Missouri.

15. This Court has personal jurisdiction over Securus because it is registered to do business in Missouri and is doing business in Missouri as alleged herein. Among other things,

Securus entered into contracts with Mississippi County, Missouri and also committed torts within Missouri, bringing Securus within the purview of the Missouri long-arm statute.

## VENUE

16. Venue is proper under 28 U.S.C. § 1391 because the Mr. Hutcheson is a resident of Mississippi County, Missouri and because a substantial part of the events giving rise to Plaintiffs' claims occurred in Mississippi County, Missouri.

## FACTS COMMON TO ALL COUNTS

17. Securus is a company that provides communications systems, call management, and other services to law enforcement agencies and correctional facilities.

18. One service that Securus provides is the ability to "ping" an individual's cell phone.

19. Securus can "ping" a cell phone and provide location information of cell-phone users through its service known as "Location Based Services" ("LBS").

20. To "ping" a cell phone, a law enforcement officer provides Securus with an individual's cell phone number and other information.

21. In return, Securus provides the law enforcement officer the location of the cell phone in near real time, as well as other information personal to the cell phone user.

22. "Pinging" a cell phone may be useful in furtherance of legitimate law enforcement investigations and/or emergency situations.

23. However, "pinging" a cell phone without permission and/or without proper legal process is a violation of a citizen's constitutional rights.

24. Mr. Hutcheson used the Securus platform to obtain the location of Plaintiffs on multiple occasions.

25. Mr. Hutcheson obtained Plaintiffs' location information while acting as an employee of Mississippi County, Missouri, and/or as Sheriff of Mississippi County, Missouri.

26. Mr. Hutcheson did not perform a proper investigation and/or submit the legal process necessary to obtain Plaintiffs' location information.

27. Mr. Hutcheson did not have Plaintiffs' permission to obtain Plaintiffs' location information.

28. In order to obtain the location of a cell phone, the Securus client (here Mr. Hutcheson) accesses the Securus platform via a computer.

29. Securus provides a platform and software to its users that allows users to "ping" a cell phone by simply typing in a cell phone number, uploading a document, and clicking a box.

30. The platform and software then show the user the location of a cell phone on a map in near real time.

31. A user is supposed to upload a document to the Securus platform identifying and confirming the legal basis on which the "ping" is based.

32. However, Securus's platform and software provide no safeguards to ensure that any particular "ping" request is legitimate.

33. And Securus provides no further in-person review of any particular request.

34. Mr. Hutcheson for example, routinely uploaded various documents to Securus's platform that have no legal basis in obtaining LBS.

35. Mr. Hutcheson obtained LBS through Securus by submitting his health insurance policy to the platform.

36. Mr. Hutcheson obtained LBS through Securus by submitting his auto insurance policy to the platform.

37. Mr. Hutcheson obtained LBS through Securus by submitting pages from the Sheriff's training materials to the platform.

38. Mr. Hutcheson obtained LBS through Securus by submitting documents that had been notarized by himself.

39. Mr. Hutcheson obtained LBS through Securus by submitting documents purporting to grant permission to obtain LBS by the individual cell phone users when in fact no such permission was given.

40. Mr. Hutcheson obtained location information and other information of Plaintiffs, other law enforcement personnel, a state judge and others through Securus's LBS platform.

## COUNT I—1983 ACTION AGAINST MR. HUTCHESON

41. Plaintiffs incorporate the preceding paragraphs herein.

42. The Fourth Amendment of the United States Constitution states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized.

43. "Pinging" a cell phone constitutes a search and seizure under the Fourth Amendment and is an invasion of the reasonable expectation of privacy of citizens.

44. Mr. Hutcheson's actions constitute an unreasonable search and seizure in that they were conducted without probable cause, lawful warrant or other process.

45. Mr. Hutcheson's acts were committed under color of state law.

46. Mr. Hutcheson's acts violated clearly established statutory and constitutional rights of which a reasonable person would have known.

47. Mr. Hutcheson's acts were committed with reckless and/or callous indifference to the rights of Plaintiffs and others.

5

WHEREFORE, Plaintiffs respectfully pray this Court to:

   a. Grant compensatory damages to Plaintiffs;

   b. Grant punitive damages to Plaintiffs; and

   c. Grant Plaintiffs' costs of this action, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

## COUNT II—1983 ACTION AGAINST SECURUS

48. Plaintiffs incorporate the preceding paragraphs herein.

49. Securus entered into a contract with Mississippi County to provide LBS and specifically, to allow Mississippi County personnel, such as Mr. Hutcheson, to "ping" cell phones.

50. In providing LBS, Securus is performing an activity that is traditionally reserved to the state, i.e. investigation and information gathering on alleged criminals.

51. "Pinging" a cell phone constitutes a search and seizure under the Fourth Amendment and is an invasion of the reasonable expectation of privacy of citizens.

52. Securus acted in joint participation with both Mississippi County, Missouri and Mr. Hutcheson when Securus provided LBS.

53. In order to make LBS more valuable, Securus intentionally makes it easier for users to obtain LBS by turning a blind eye to the documents uploaded to its platform and by refusing to implement procedures to review requests for LBS.

54. Securus's actions and Mr. Hutcheson's actions constitute an unreasonable search and seizure in that they were conducted without probable cause, lawful warrant or other process.

55. Securus's acts and Mr. Hutcheson's acts were committed under color of state law.

56. Securus's acts and Mr. Hutcheson's acts violated clearly established statutory and constitutional rights of which a reasonable person would have known.

57. Securus's acts and Mr. Hutcheson's acts were committed with reckless and/or callous indifference to the rights of Plaintiffs and others.

WHEREFORE, Plaintiffs respectfully pray this Court to:

    a. Grant compensatory damages to Plaintiffs;

    b. Grant punitive damages to Plaintiffs; and

    c. Grant Plaintiffs' costs of this action, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

## COUNT III—INVASION OF PRIVACY AGAINST MR. HUTCHESON

58. Plaintiffs incorporate the preceding paragraphs herein.

59. Plaintiffs had a reasonable expectation of privacy in their locations and private affairs.

60. Mr. Hutcheson's actions constitute an intrusion upon the solitude, seclusion and private affairs of Plaintiffs.

61. Mr. Hutcheson's actions were unreasonable and highly offensive to a reasonable person.

62. As a direct and proximate result of Mr. Hutcheson's conduct identified herein, Plaintiffs have suffered damages, including but not limited emotional distress, anxiety and humiliation associated with being illegally monitored and being the subject of the investigation and prosecution of Mr. Hutcheson.

63. Mr. Hutcheson's actions were outrageous due to his evil motive and/or reckless indifference to the rights of Plaintiffs and others.

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor, and award them compensatory damages and punitive damages in an amount that is fair and reasonable in excess of $25,000, award their costs and attorneys' fees where available, and such other and further relief as is just and proper under the circumstances.

## COUNT IV—INVASION OF PRIVACY AGAINST SECURUS

64. Plaintiffs incorporate the preceding paragraphs herein.

65. Plaintiffs had a reasonable expectation of privacy in their locations and private affairs.

66. Securus's actions and Mr. Hutcheson's actions constitute an intrusion upon the solitude, seclusion and private affairs of Plaintiffs.

67. Securus's actions and Mr. Hutcheson's actions were unreasonable and highly offensive to a reasonable person.

68. As a direct and proximate result of Securus's conduct identified herein, Plaintiffs have suffered damages, including but not limited emotional distress, anxiety and humiliation associated with being illegally monitored and being the subject of the investigation and prosecution of Mr. Hutcheson.

69. Securus's actions and Mr. Hutcheson's actions were outrageous due to their evil motive and/or reckless indifference to the rights of Plaintiffs and others.

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor, and award them compensatory damages and punitive damages in an amount that is fair and reasonable in excess of $25,000, award their costs and attorneys' fees where available, and such other and further relief as is just and proper under the circumstances.

## COUNT V—NEGLIGENCE AGAINST SECURUS

70. Plaintiffs incorporate the preceding paragraphs herein.

71. Securus had a duty to safeguard the private location information and other information of citizens such as Plaintiffs.

72. It was reasonably foreseeable to Securus that individuals such as Mr. Hutcheson would illegally obtain information through the LBS platform without proper identification, authentication and security procedures.

73. Securus knew or by the use of ordinary care should have known that its LBS platform allowed individuals such as Mr. Hutcheson to illegally obtain private information.

74. Securus breached its duty and was negligent by failing to have a person or system in place to review and authenticate documents and other information submitted to the LBS platform.

75. As a direct and proximate result of Securus's conduct identified herein, Plaintiffs have suffered damages, including but not limited emotional distress, anxiety and humiliation associated with being illegally monitored and being the subject of the investigation and prosecution of Mr. Hutcheson.

76. Securus's actions were outrageous due to its evil motive and/or reckless indifference to the rights of Plaintiffs and others.

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor, and award them compensatory damages and punitive damages in an amount that is fair and reasonable in excess of $25,000, award their costs and attorneys' fees where available, and such other and further relief as is just and proper under the circumstances.

Respectfully submitted,

THE LIMBAUGH FIRM
407 N. Kingshighway, P.O. Box 1150
Cape Girardeau, MO  63702-1150
Telephone:  (573) 335-3316
Facsimile: (573) 335-1369
curt@limbaughlaw.com
jsteffens@limbaughlaw.com

By     /s/ Curtis O. Poore
     Curtis O. Poore, #38067MO
     John C. Steffens, #63267MO

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2019 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to the attorneys of record in this case.

      /s/ Curtis O. Poore