**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| **WILLIAM T. COOPER, JAY R.** ) | |
| **HOLCOMB, JEFFERY D. JOHNSON,** ) | |
| **JEREMY S. STOELTING, and JAMES** ) | |
| **D. PATTON,** ) | |
| ) | |
| **Plaintiffs,** ) | **Case No. 1:17-cv-00073** |
| ) | |
| **V.** ) | |
| ) | |
| ) | |
| **CORY HUTCHESON,** ) | |
| ) | |
| **And** ) | |
| ) | |
| **SECURUS TECHNOLOGIES, INC.** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

<u>**MEMORANDUM IN OPPOSITION TO**</u>
<u>**MOTION FOR JUDGMENT ON THE PLEADINGS**</u>

**A. Introduction.**

Having previously failed to obtain dismissal of Plaintiffs' §1983 claims, Defendant Securus

Technologies, Inc. has now filed a motion for reconsideration disguised as a motion for judgment on

the pleadings.  Plaintiffs in this case are five Missouri State Highway Patrol Officers that the

Defendants in this case illegally spied on.  Securus works hand in hand with law enforcement

agencies to provide cell phone location data, purportedly for the purpose of criminal investigations.

In this case, Securus helped former Mississippi County Sheriff Cory Hutcheson spy on Plaintiffs, a

state judge and others over the course of several years.  Securus works with law enforcement to

make providing this sensitive information as easy as possible.  And having provided that platform to

Mississippi County, Missouri in this case, Securus looked the other way while Mr. Hutcheson engaged in the farce of providing, for example, his health insurance policy, his auto insurance policy, and pages from the Sheriff's training materials to track Plaintiffs.  Securus allowed this to happen in order to appear more useful to law enforcement agencies, thereby ensuring its contracts with such agencies continued.

Cases are not litigated on complaints.  Securus's new motion is nothing more than a desperate attempt to avoid discovery that will shed light on the egregious nature of its operations. The law and procedures of this Court are not so rigid that legitimate cases are thrown out if not pleaded with various magic words to the satisfaction of the defendant.  Plaintiffs' complaint is exactly what it should be, a "short and plain statement" envisioned by the Rules with enough detail to assert a claim that is "plausible on its face".  That is all that is required and that is what is alleged. Despite this, Securus has now spent 42 pages of briefing attacking Plaintiffs' complaint, the last 16 pages of which spend most of their time admonishing Plaintiffs and the Court for not understanding Securus's arguments.

The standard for a motion for judgment on the pleadings is the same as that for a 12(b)(6) motion to dismiss.  The Court has already decided these §1983 matters correctly.  Plaintiffs respectfully request that the Court deny Securus's motion.

**B. Plaintiffs have alleged the elements of a §1983 claim.**

The Court identified the elements of a §1983 claim in its Memorandum and Order.  (Doc. 73, p. 3).  "The essential elements of a §1983 claim are (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009) (citing *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999)).

Securus spends much of its motion identifying various allegations in Plaintiffs' complaint and then extrapolating or interpreting those allegations to fit Securus's arguments.  These arguments have no place in Rule 12 motion practice since the Court must accept all of Plaintiffs' factual allegations as true and construe those allegations in Plaintiffs' favor.  *Kulkay v. Roy*, 847 F.3d 637, 641 (8th Cir. 2017).  A recitation of Plaintiffs' entire complaint is not warranted, but Plaintiffs allege among other things that:

> 17. Securus is a company that provides communications systems, call management, and other services to law enforcement agencies and correctional facilities.
>
> * * *
>
> 20. To "ping" a cell phone, a law enforcement officer provides Securus with an individual's cell phone number and other information.
>
> 21.  In return, Securus provides the law enforcement officer the location of the cell phone in near real time, as well as other information personal to the cell phone user.
>
> * * *
>
> 24.  Mr. Hutcheson used the Securus platform to obtain the location of Plaintiffs on multiple occasions.
>
> 25.  Mr. Hutcheson obtained Plaintiffs' location information while acting as an employee of Mississippi County, Missouri, and/or as Sheriff of Mississippi County, Missouri.
>
> * * *
>
> 32.  However, Securus's platform and software provide no safeguards to ensure that any particular "ping" request is legitimate.
>
> 33.  And Securus provides no further in-person review of any particular request.
>
> 34.  Mr. Hutcheson for example, routinely uploaded various documents to Securus's platform that have no legal basis in obtaining LBS.
>
> 35. Mr. Hutcheson obtained LBS through Securus by submitting his health insurance policy to the platform.

36.  Mr. Hutcheson obtained LBS through Securus by submitting his auto insurance policy to the platform.

37.  Mr. Hutcheson obrtained LBS through Securus by submitting pages from the Sheriff's training materials to the platform.

* * *

49.  Securus entered into a contract with Mississippi County to provide LBS and specifically, to allow Mississippi County personnel, such as Mr. Hutcheson, to "ping" cell phones.

50.  In providing LBS, Securus is performing an activity that is traditionally reserved to the state, i.e. investigation and information gathering on alleged criminals.

51.  "Pinging" a cell phone constitutes a search and seizure under the Fourth Amendment and is an invasion of the reasonable expectation of privacy of citizens.

52.  Securus acted in joint participation with both Mississippi County, Missouri and Mr. Hutcheson when Securus provided LBS.

53.  In order to make LBS more valuable, Securus intentionally makes it easier for users to obtain LBS by turning a blind eye to the documents uploaded to its platform and by refusing to implement procedures to review requests for LBS.

54. Securus's actions and Mr. Hutcheson's actions constitute an unreasonable search and seizure in that they were conducted without probable cause, lawful warrant or other process.

55.  Securus's acts and Mr. Hutcheson's acts were committed under color of state law.

(*See* Doc. 53).

Plaintiffs have both expressly alleged both elements of a §1983 claim and have further alleged specific facts in support of those elements.  This alone is enough to state a claim and avoid Securus's motion for judgment on the pleadings.  Moreover, these allegations have been made without the benefit of any discovery.  Plaintiffs have been illegally spied on, but do not yet have, for example, all Securus contracts with Mississippi County, communications among them, pinging history, Securus's process and procedures for utilizing its services, etc.  As in every other case,

Plaintiffs have the right to conduct discovery and amend their pleadings to further their allegations as necessary.

**C.  Determination of a state action is a fact-intensive inquiry, making dismissal/judgment on the pleadings inappropriate.**

The Supreme Court has articulated various tests for state action and identified the inquiry as one that is "necessarily factbound" depending on the circumstances of each case.  *See Lugar v. Edmondson Oil Co. Inc.*, 457 U.S. 922, 939 (1982); *see also Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288, 298 (2001).  In *Wickersham v. City of Columbia*, the Court stated:

> Our ultimate conclusion must turn on the particular facts of the case, since "[o]nly by sifting facts and weighing circumstances can the nonobvious involvement of the State in private conduct be attributed its true significance." The one unyielding requirement is that there be a "close nexus" not merely between the state and the private party, but between the state and the alleged deprivation itself.

481 F.3d 591, 597 (8th Cir. 2007) (internal citations omitted).

Because the determination of state action is necessarily fact-intensive, dismissal or judgment on the pleadings is inappropriate.  *See  Murray v. Wal-Mart, Inc.*, 874 F.2d 555, 558 (8th Cir. 1989) ("A complaint need not be articulately drafted in order to adequately allege that private persons are acting under color of state law."); *see also Guild v. Securus Technologies, Inc.*, 2015 WL 10818584 (W.D. Texas) (denying Securus' motion to dismiss on state action grounds in context of providing prison telephone services);  *Estate of Beelek v. Farmington Missouri Hosp. Co., LLC*, 2011 WL 4008018 (E.D. Mo. 2011) (denying motion to dismiss §1983 claim based on state action requirement for private corporation); *Holloway v. Ameristar Casino St. Charles, Inc.* 2008 WL 762086, *4 (E.D. Mo. 2008) (denying motion to dismiss §1983 claim based on state action requirement for private corporation).

**D.  Plaintiffs have sufficiently alleged a close nexus and joint participation among Securus and Hutcheson.**

The Court has previously identified three non-exclusive circumstances under which a private party may be characterized as a state actor, and the Court has also correctly stated that in any case, there must be a "close nexus" between the state and the private party.  (Doc. 73, pp. 3-4).

Among other things, Plaintiffs allege joint participation among Hutcheson and Securus to deprive Plaintiffs of their constitutional rights.  (Doc. 53, ¶¶ 48-55).  To analyze this claim, the Court need not look any further than a case it has already cited, *Meier v. City of Saint Louis*, 934 F.3d 824 (8th Cir. 2019), wherein the Eighth Circuit recently reversed summary judgment entered in favor of a private party using this analysis.

In *Meier*, a police officer was investigating a hit and run accident.  *Id*. at 826-27.  The plaintiff's son was arrested while sitting in plaintiff's vehicle, after which the police officer called a private towing company to tow the vehicle away.  *Id*. at 827.  The towing company later refused to release the vehicle until it was released by the police department.  *Id*.  The district court entered summary judgment for the towing company, finding that it was not a state actor under the circumstances.  *Id*.  The Court of Appeals reversed, reciting the applicable law as follows:

> The Supreme Court has recognized a number of circumstances in which a private party may be characterized as a governmental actor, including where a private actor is a willful participant in joint activity with the governmental entity or its agents. The one unyielding  requirement is that there be a close nexus not merely between the state and the private party, but between the state and the alleged deprivation itself.

*Id*. at 829.

The Court found that the evidence would allow a jury to find both a "close nexus" between the towing company and law enforcement and also that those parties shared a mutual understanding and willful participation in detaining the vehicle.  *Id*.  at 830.

Similarly, in *Smith v. Insley's Inc.*, the defendant was a private towing company that towed the plaintiff's car at the behest of the local sheriff's office.  499 F.3d 875, 878 (8th Cir. 2007).  The towing company later sold the vehicle and the owner filed suit under §1983 alleging, among other things, the sale was unconstitutional.  *Id.* at 879.  The case turned on whether the private towing company was a state actor.  The Court stated:

> First, we think it clear that Insley's was a state actor when it initially towed and stored the vehicle at the behest of the sheriff's office as part of an official criminal investigation. Insley's relied upon governmental benefits in performing the tow—as the sheriff's contracted vendor for this service, it had a monopoly on sheriff towing during March 2003. And it was performing the traditional governmental function of seizing and securing property for a criminal investigation.

*Id.* at 880.

This case is similar in concept to both *Meier* and *Smith.*  Plaintiffs allege that Securus contracted with Mississippi County to ping cell phones and provide LBS.  (Doc. 53, ¶ 49).  They allege Securus obtained Plaintiffs' location information at the behest of the Sheriff's Department and then provided that information to the Sheriff's Department.  (Doc. 53, ¶¶ 19 – 25).  They allege Securus's policy is to turn a blind eye to the validity of LBS requests.  (Doc. 53, ¶ 53).  These actions constitute the traditional government functions of searching for and seizing information pursuant to an alleged criminal investigation, and also constitute joint participation between Securus and Mississippi County.  (Doc. 53, ¶¶ 48 -54).

Securus argues that both Plaintiffs and the Court do not understand that there must be a "mutual understanding" concerning an unlawful action. What Securus does not understand is that the Federal pleading standard does not require the use of magic words in order to proceed with a case. [1] The suggestion that Plaintiffs' allegations do not identify a "mutual understanding" and/or

---

[1] Securus also argues that a "private party must literally *conspire* with a state actor to share liability for its illegal conduct."  (Doc. 76, p. 2) (emphasis in original).  But note that the decisions in both *Meier* and *Smith* contain no reference to any conspiracy requirement.

unconstitutional "policy" is not well-taken, as that is the only reasonable inference to take from the allegations.  However, to the extent explicitly alleging any such "mutual understanding", "policy" or "conspiracy" is required, Plaintiffs are more than willing to amend their pleadings and make those allegations since the egregious nature of Securus's operations with law enforcement in this case would support such allegations.

### E.   Plaintiffs have sufficiently alleged that Securus was performing a function traditionally exclusively reserved to the State.

The Eighth Circuit's statement in *Smith* above is worth repeating here:

> First, we think it clear that Insley's was a state actor when it initially towed and stored the vehicle at the behest of the sheriff's office as part of an official criminal investigation. Insley's relied upon governmental benefits in performing the tow—as the sheriff's contracted vendor for this service, it had a monopoly on sheriff towing during March 2003. *And it was performing the traditional governmental function of seizing and securing property for a criminal investigation.*

499 F.3d at 880 (emphasis added).

Plaintiffs literally allege that Securus did the same thing here, i.e. seizing and securing property (cell phone data) for a criminal investigation.  Other courts agree that searches and investigations at the request of law enforcement are traditional and exclusive public functions.  *See e.g. Camm v. Faith*, 937 F.3d 1096, 1105 (7th Cir. 2019) (finding that private forensic analysts "easily" qualify as state actors under these principles);  *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 52 (1st Cir. 2009) (citing *Rodriques v. Furtado*, 950 F.2d 805, 814 (1st Cir. 1991) for proposition that doctors performing searches at the direction of police are performing functions traditionally reserved to the state));  *Warner v. Grand County*, 57 F.3d 962, 964 (10th Cir. 1995) ("As an 'auxiliary to police search procedures, Ms. Parker exercised a search power which has traditionally been reserved for the states.");  *Burks v. Carter*, 2013 WL 822513, *2-3 (E.D. Ar. 2013) (denying summary

judgment to private physician due to fact issues over whether physician pumped suspect's stomach at the direction of police).

Plaintiffs have sufficiently alleged state action on this basis.

**F.  The Court should grant leave to amend if necessary.**

Securus's motion should be denied outright, as described above.  If, however, the Court determines that the Second Amended Complaint is not properly pleaded, Plaintiffs respectfully request leave to file an amended pleading.

**G.  Conclusion.**

For all the foregoing reasons, the Motion for Judgment on the Pleadings should be denied, and the parties should proceed with discovery.

Respectfully submitted,

THE LIMBAUGH FIRM
407 N. Kingshighway, P.O. Box 1150
Cape Girardeau, MO  63702-1150
Telephone:  (573) 335-3316
Facsimile: (573) 335-1369
curt@limbaughlaw.com
jsteffens@limbaughlaw.com

By____/s/ John C. Steffens_____
        Curtis O. Poore, #38067MO
        John C. Steffens, #63267MO

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2020 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to the attorneys of record in this case.

_____/s/ John C. Steffens_____