UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| William T. Cooper, et al., | ) |  |
|---|---|---|
| Plaintiffs, | ) |  |
| v. | ) | Case No. 1:17-cv-0073 |
| Cory Hutcheson, et al., | ) |  |
| Defendants. | ) |  |

**REPLY IN SUPPORT OF MOTION FOR
PARTIAL JUDGMENT ON THE PLEADINGS**

Plaintiffs concede that the viability of the section 1983 claim they plead against Securus depends in part, on whether Securus had agreed with the Mississippi County Sheriff's Office to engage in unconstitutional activity. They also admit that they have not made that allegation. Plaintiffs nevertheless contend that they should be allowed to maintain a section 1983 claim against Securus because discovery might reveal an agreement by it to participate in the Sheriff's unlawful conduct. Plaintiffs similarly admit that the "state actor" determination depends on the circumstances, but argue that it should be enough for them to plead the conclusion that Securus was a state actor, without supporting allegations of the circumstances leading to that conclusion. If that is not enough to satisfy the Court, Plaintiffs say that they would be willing to allege in a Third Amended Complaint the existence of an agreement between Securus and the Sheriff, even though their investigation has thus far turned up nothing of the sort.

That is not how the process works. "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations." *Walter v. Pyatt*, No. 4:14-CV-57 JAR, 2014 U.S. Dist. LEXIS 73727, at *4-6 (E.D. Mo. May 30, 2014) (Ross, J.). Indeed, a "motion to dismiss ***must*** be granted if the complaint does not contain enough facts to state a claim to relief

that is plausible on its face." *Demien Constr. Co. v. O'Fallon Fire Prot. Dist.*, 72 F. Supp. 3d 967, 969-70 (E.D. Mo. 2014) (Ross, J.) (emphasis added). As the quoted language indicates, this rule is mandatory.

**I.       The Court Should Dismiss Plaintiff's Section 1983 Claim Because Their Allegations Do Not Show That Securus Was A State Actor.**

Securus' Motion for Partial Judgment on the Pleadings, ECF No. 76 ("Mot."), identified a fundamental gap in Plaintiffs' section 1983 claim: Securus can be liable only if it agreed with Hutcheson, the former Mississippi County Sheriff, to participate in his unconstitutional searches, yet Plaintiffs make no allegations to support that conclusion. Plaintiffs cannot and do not refute that point, and instead content themselves by focusing on the liberal standard of pleading under Rule 8. ECF No. 79, at 1-2 (insisting that a complaint needs only a "short and plain statement" to survive dismissal); *id*. at 5 ("Because the determination of state action is necessarily fact-intensive, dismissal or judgment on the pleadings is inappropriate."); *id*. at 7 (asserting that "the Federal pleading standard does not require the use of magic words in order to proceed with a case"). Plaintiffs also demand extra solicitude because they filed their Second Amended Complaint ("SAC") "<u>without the benefit of any discovery</u>." *Id*. at 4 (emphasis in original).

Plaintiffs overstate the liberality of the governing pleading standard. "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662 ,678-79 (2009). Indeed, Plaintiffs' insistence that they need discovery before they can make the required fact-intensive allegations of state action actually "confirm[s] that their . . . allegations were made without supporting facts in the hope that they would be permitted to embark upon a classic fishing expedition." *Freeman v. Bechtel Constr. Co.*, 87 F.3d 1029, 1032 (8th Cir. 1996). The Eighth Circuit has called this approach an "abuse of the

2

liberal federal pleading rules" and rejected it as inappropriate, effectively dooming Plaintiffs' argument. *Id*.

Complaints are usually filed before discovery, and that is precisely the context in which the Supreme Court and the Eighth Circuit have nevertheless said that "a complaint *must* contain *sufficient factual matter* . . . to state a claim to relief that is plausible on its face." *Blomker v. Jewell*, 831 F.3d 1051, 1055 (8th Cir. 2016) (quoting *Ashcroft*, 556 U.S. at 678) (emphases added). That Plaintiffs have not yet taken discovery from Securus accordingly cannot justify continuing litigation on a claim that lacks a plausibly alleged basis. *Cf.* Fed. R. Civ. P. 11(b) (observing that every pleading presented to a court should be informed by a pre-filing "inquiry reasonable under the circumstances"). In light of these mandates, the absence of alleged facts to support a "state actor" conclusion regularly results in the dismissal of section 1983 claims.[1]

Although Plaintiffs cite several cases in which courts rejected the dismissal of private section 1983 claims, ECF No. 79, at 4-5, Securus can cite just as many and more—even just among those involving Securus—in which courts have dismissed such claims. *E.g. Clay v. Steele*, 2013 U.S. Dist. LEXIS 140056 (E.D. Mo. Sept. 30, 2013) (dismissing section 1983 claim against Securus); *Moon v. Jordan*, 2017 U.S. Dist. LEXIS 138628 (E.D. Mo. Aug. 29, 2017) (dismissing section 1983 claim against Securus); *Montgomery v. Securus Techs.*, 2020 U.S. Dist. LEXIS 106967 (W.D. Ky. June 18, 2020) (similar); *Williams v. Securus Corr. Billing*, 2014 U.S. Dist. LEXIS 176821 (W.D. Pa. 2014) (dismissing section 1983 claim against Securus as "frivolous" because "[t]he mere fact that Securus provides telephone services to prisoners pursuant to a

---

[1] *Lugar v. Edmonson Oil Co.*, 457 U.S. 922 (1982), the case that leads Plaintiffs' argument that section 1983 liability is "necessarily factbound" (ECF No. 79, at 5), tellingly arose from a 12(b)(6) dismissal that the Supreme Court affirmed in part. *Id.* at 940.

3

contract . . . is insufficient to transform Securus into a state actor"); *Smith v. New York City Dep't of Corr.*, 2019 U.S. Dist. LEXIS 99476 (S.D.N.Y. 2019) (dismissing section 1983 claim against Securus); *Hernandez v. Securus Techs., Inc.*, 2017 U.S. Dist. LEXIS 29618 (D. Mass. 2017) (similar). There is no standard reluctance to dismiss such claims, as Plaintiffs suggest.

Indeed, not one of Plaintiffs' examples even comes close to suggesting that dismissal is improper in principle for a private-entity section 1983 claim. Plaintiffs have simply managed to assemble a few examples on one side of the line for dismissal—and failed to demonstrate how this case is like any of those in a meaningful way. There is a legal standard for this sort of claim. Securus stated it in its motion, Mot. at 5-7, and Plaintiffs do not dispute it. To withstand a motion to dismiss, Plaintiffs must "plead[] factual content that allows the court to draw the reasonable inference that [Securus] is liable for the misconduct alleged." *Blomker*, 831 F.3d at 1055. This means that Plaintiffs must allege facts supporting a reasonable inference either that Securus had a mutual understanding with Hutcheson to violate Plaintiffs' constitutional rights or that Securus was performing a function traditionally reserved exclusively to the government. Absent one of those determinations, Securus cannot be liable, as Plaintiffs do not deny. "[T]he complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the[se] legal requirements of the claim." *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

As a final appeal to the liberality of pleading standards, Plaintiffs say the SAC does not have to contain magic words like "mutual understanding," although they say they would be willing to add those words to a Third Amended Complaint if needed. ECF No. 79, at 7-8. Securus did not argue that the section 1983 should be dismissed because it is missing any formulaic words or phrases. The point is that Plaintiffs' allegations, taken together, lack *factual* allegations that Securus had an agreement with Hutcheson to support or participate in unlawful conduct. In fact,

the pleaded facts positively assert that Securus' agreement with law enforcement was to engage in lawful, and not unlawful, activity. As the SAC puts it, "[a] user is *supposed to* upload a document to the Securus platform *identifying and confirming the legal basis* on which the 'ping' is based." SAC ¶ 31 (emphases added). Moreover, even if granted further leave to amend the SAC, the "bare assertion[]" of an understanding would "amount to nothing more than a formulaic recitation of the elements," and "not entitled to be assumed true." *Ashcroft*, 556 U.S. at 681; *see also Scott v. Russell*, 2014 U.S. Dist. LEXIS 126234, *11 (E.D. Mo. Sept. 10, 2014) (dismissing section 1983 claim because allegation that supervisors failed to implement adequate policies was conclusory). The problem for Plaintiffs is that their allegations do not suggest Securus had an agreement with its Mississippi County law enforcement customer to provide data for unlawful searches, and no amount of magic words will cure that failing.

## II. The Court Should Dismiss Plaintiffs' Section 1983 Claim Because Their Allegations Do Not Show That Securus Had An Agreement With Hutcheson To Engage In Unconstitutional Activity.

Securus pointed out that a "joint participation" section 1983 claim depends on the showing of a mutual understanding between the private entity and the state to engage in the alleged constitutional violation. Mot. at 5-7. Plaintiffs effectively concede that point by not disputing the legal standard or offering any contrary authority; instead, they insist that their allegations show Securus had such an understanding. Opp. 7-8. But Plaintiffs do not explain how that inference could be reasonable, much less the "only reasonable inference to take from the allegations." Opp. 8.

There is no hint in the SAC that Securus had any awareness Hutcheson was using its system for unauthorized LBS inquiries. Indeed, the SAC alleges that Securus would not have known, because Securus allegedly just collected documents into a file system and did not review them.

5

Mot. 3 (citing SAC ¶¶ 32-33). In their opposition, Plaintiffs attempt to spin this fact into Securus' "look[ing] the other way" while Hutcheson misused its LBS system. Opp. 2. That is like saying an email provider "looked the other way" while somebody used email to hatch a conspiracy, just because the email provider did not inspect all its transmissions to see if there were any unlawful emails. Plaintiffs say Securus set up its system "to appear more useful to law enforcement agencies." Opp. 2. As Securus pointed out in its Motion, what law enforcement agencies presumably want is an easy, efficient way to conduct *lawful* LBS inquiries. The notion that facilitating unlawful inquiries would make the system more useful presupposes a shocking degree of misconduct among law enforcement agencies. Plaintiffs have no answer other than to repeat, without reason, the conclusion that their claim is plausible.

Plaintiffs rely on two cases, *Meier v. City of St. Louis*, 934 F.3d 824 (8th Cir. 2019), and *Smith v. Insley's, Inc.*, 499 F.3d 875 (8th Cir. 2007), that Plaintiffs say are "similar in concept" to this case. They are similar only in that they involved plaintiffs trying to impose section 1983 liability on a private company. Closer scrutiny reveals meaningful differences. *Meier* and *Smith* both involved towing companies that seized the plaintiffs' vehicles, held them, and refused to give them back (and in *Smith*, actually sold the vehicle). The conduct about which the plaintiffs complained necessarily depended on government authority; tow companies cannot just pull vehicles off the street on their own. *See Smith*, 499 F.3d at 881 ("Insley's relied upon governmental benefits in performing the tow . . . ."). By contrast, obtaining and sharing LBS information occurs outside the government context and does not require government authority; "[t]he market for cell phone data is now estimated to be in the billions of dollars." *Carpenter v. United States*, 138 S. Ct. 2206, 2225 (2018) (Kennedy, J., dissenting). Moreover, far from affirmatively taking steps like the tow companies in *Meier* and *Smith*, Plaintiffs say Securus simply "turn[ed] a blind eye to the

validity of LBS requests." Opp. 7. The tow companies knew their conduct was unlawful. *See* 934 F.3d at 829-30 ("Doc's Towing understood SLMPD's intent"; SLMPD (the agency) had an unlawful policy; and "Doc's Towing willfully participated in SLMPD's policy").

Plaintiffs' other section 1983 cases (Opp. 5) also fail to cast doubt on the premise that Plaintiffs must show a mutual agreement to engage in unlawful conduct. In *Murray v. Wal-Mart, Inc.*, 874 F.2d 555 (8th Cir. 1989), the court reiterated that it may deem a private party to be a state actor as long as it is a "willful participant in joint activity . . . which activity deprived the plaintiff of a constitutional right," and recited various facts showing that Wal-Mart was "acting in concert with the local police" to secure an unjustified arrest of the plaintiff. *Id.* at 558. In *Wickersham v. City of Columbia*, 481 F.3d 591 (8th Cir. 2007), "the record contain[ed] evidence of a mutual understanding that city police would work to restrict speech activities" at the private party's event. *Id*. at 599. In *Austin Lawyers Guild v. Securus Technologies, Inc.*, 2015 U.S. Dist. LEXIS 178047 (W.D. Tex. 2015), the court noted that the "joint action test requires . . . factual allegations that [the] county and private entity were willful or joint participants in [the] unconstitutional act." *Id.* at *47. The court inferred from the allegations that Securus was notified it was recording attorney-client privileged calls and that "Securus and the Travis County Defendants willfully participated in the decision to monitor confidential attorney-client telephone calls"—the alleged violation of law. *Id.* at *46. Securus disputes those allegations; at any rate, Plaintiffs allege exactly the opposite here, that Securus did ***not*** have notice about Hutcheson's improper LBS inquiries and that Securus agreed to provide LBS data in response to valid requests. SAC, ¶ 31 ("A user is supposed to upload a document . . . identifying and confirming the legal basis. . . .").

### III. The Court Should Dismiss Plaintiffs' Section 1983 Claim Because The Allegations Fail To Show That Securus Was Performing A Function Traditionally Reserved Exclusively To The Government.

A court may properly deem as a state actor a private party that performs a function that "has been traditionally the *exclusive* prerogative of the state." *Gomez v. N. Dak. Rural Dev. Corp.*, 704 F.2d 1056, 1058 (8th Cir. 1983). Plaintiffs cite several examples in which private parties were engaged in specific roles of exclusively state functions. Opp. 8. Illustrative is *Warner v. Grand County*, 57 F.3d 962 (10th Cir. 1995), in which the police had arrested a suspect, who was strip-searched by a non-employee while she was in custody at the police station. In *Rodriques v. Furtado*, 950 F.2d 805 (1st Cir. 1991), the police similarly employed a private-party to conduct a search of the plaintiff's vaginal cavity. From these cases, Plaintiffs extrapolate a principle of startling breadth: that any person who facilitates a police search in any way is a state actor carrying out a "public function" of "searches and investigations."

The distinctly passive role of Securus in providing a platform independently (mis)used by Hutcheson stands in stark contrast to the active roles of the private parties engaged to perform the searches in *Warner* and *Rodriques*. Indeed, even one who engages in an active role that assists the state is not automatically a state actor: "The courts have consistently held that the mere fact that an individual's job involves the investigation of crime does not transform him into a government actor." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1457 (10th Cir. 1995) (quoting *United States v. Garlock*, 19 F.3d 441, 443-44 (8th Cir. 1994)). Consistent with this cautious approach, "[f]ederal circuit courts have consistently held that police-like conduct of private security guards is not automatically transformed into state action." *Amisi v. Melick*, 2017 U.S. Dist. LEXIS 71456, *17 (D.S.D. 2017) (collecting cases). Circuit courts reaching that conclusion include those responsible for some of the cases that Plaintiffs cite. *Gallagher*, 49 F.3d at 1457; *Wade v. Byles*, 83 F.3d 902, 906 (7th Cir. 1996) (privately employed guard "perform[ing] his

8

duties on public property, . . . for the public's benefit," and empowered to make arrests, was still not a state actor).

On Plaintiffs' description of its authorities as showing that "searches and investigations at the request of law enforcement are traditional and exclusive public functions," Opp. 8, the Court would thus face a conundrum. But the Seventh Circuit long ago explained the distinction. The various powers of a security guard or an investigator "have been traditionally exercised by the sovereign via the police, [but] none has been *exclusively* reserved to the police." *Wade*, 83 F.3d at 906. Similarly, the Fifth Circuit has observed that detaining a suspected shoplifter *and* searching the person's bag do not make a guard a state actor, because "[w]hile these actions are usually performed by police officers, private citizens do occasionally engage in them." *White v. Scrivner Corp.*, 594 F.2d 140, 143 (5th Cir. 1979). These search functions are thus not "exclusively reserved to the sovereign." *Id.*

In short, the question is not whether the government has traditionally performed a given function, but whether that function has traditionally been *exclusively* performed by the government. Plaintiffs' cases involve such exclusively sovereign powers. As noted above, strip-searching a suspect *in custody* is not something a private party could ever do without state power. A forced police search of a person's vaginal cavity is a sovereign act. In *Smith*, the court described an exclusive function of "seizing and securing property for a criminal investigation." 499 F.3d at 880.[2] *Camm v. Faith*, 937 F.3d 1096 (7th Cir. 2019), involved a forensic analyst working alongside

---

[2] Plaintiffs suggest that obtaining LBS data constitutes seizing "property" in the form of cell phone data. Opp. 8. This description brushes by the reality that the supposed "property" was in the hands of a private, third-party telephone company, not Plaintiffs. And Securus' obtaining the data and providing them to law enforcement agencies did not even deprive the phone companies of the data—unusual for a process of supposedly "seizing and securing property." Plaintiffs' threadbare assertion cannot convert an ordinary inquiry into a seizure of property.

police to secure and assess evidence at an active crime scene—the place where private citizens can't go beyond the yellow police tape.

Securus did nothing like these things. It simply provided a means of obtaining information, just as countless other companies like credit bureaus, banks, marketing research companies, news aggregators, and more do in response to police inquiries. An activity so widespread in the private sector is simply not and never has been an exclusively governmental function.

### IV. The Court Should Dismiss Plaintiffs' Section 1983 Claim Because The Allegations Fail To Show That Securus Had A Policy Of Facilitating Unconstitutional LBS Inquiries.

In its Motion, Securus pointed out that a private corporation cannot be liable under section 1983, even if it is treated as a state actor, unless the corporation has a policy of engaging in unconstitutional conduct. Mot. 14. As the Eighth Circuit has stated, "a corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies." *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993). Securus observed that Plaintiffs do not allege any Securus policy to provide LBS in response to invalid queries. Mot. 14.

At best, Plaintiffs say that "Securus' policy is to turn a blind eye to the validity of LBS requests." Opp. 7. As a matter of law, that allegation is not enough. The Eighth Circuit has explained that "deliberate indifference to or tacit authorization" of misconduct can only constitute a policy, for section 1983 purposes, "after notice to [the company's policymaking] officials of that misconduct." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590-91 (8th Cir. 2004). Nothing in Plaintiffs' SAC suggests anybody at Securus had notice that Hutcheson or anyone else was using the LBS system for unauthorized inquiries and yet persisted to look the other way.

Securus' Motion pointed out these deficiencies in the SAC, and Plaintiffs offer no response. This issue should be dispositive on its own.

## V. CONCLUSION

Plaintiffs' section 1983 claim against Securus has a fundamental flaw that the facts alleged are insufficient to indicate—or from which to infer—that Securus was a state actor. Plaintiffs ask the Court to preserve the claim so that they can use the powers of judicial discovery to search for facts that might fill this gap. The Court should not suffer them to conduct that fishing expedition. "Rule 12(b)(6) *mandates* the dismissal of a claim if there has been a failure to state a claim upon which relief can be granted." *Szymanski v. Davidson*, No. 4:09-cv-062, 2011 U.S. Dist. LEXIS 133049, at *7-9 (D.N.D. Nov. 17, 2011) (emphasis added). "If the complaint does not contain enough facts," as the SAC does not here, then "the motion to dismiss *must* be granted." *Demien Constr.*, 72 F. Supp. 3d at 969 (emphasis added).

*/s/ Adam R. Fox*

Adam R. Fox (admitted *pro hac vice*)
Gabriel Colwell (admitted *pro hac vice*)
Marisol C. Mork (admitted *pro hac vice*)
Squire Patton Bogs (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone: (213) 624-2500
Facsimile: (213) 623-4581
adam.fox@squirepb.com
gabriel.colwell@squirepb.com
marisol.mork@squirepb.com

Shawn T. Briner, #MO47286
Briner Law Group
424 S. Woods Mill Road, Suite 330
Chesterfield, Missouri 63017
Telephone: (314) 478-7227
Facsimile: (314) 448-4300
shawn.briner@brinerlaw.com

*Attorneys for Defendant Securus Technologies, LLC f/k/a Securus Technologies, Inc.*

## Certificate of Service

The undersigned certifies that on September 24, 2020 the foregoing was electronically filed with the Clerk of Court for service on all attorneys of record via the Court's electronic filing system.

*/s/ Adam R. Fox*
