UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| WILLIAM T. COOPER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 1:17-cv-00073-JAR |
| ) | |
| CORY HUTCHESON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on a Motion for Partial Judgment on the Pleadings filed by Defendant Securus Technologies, Inc. ("Securus"). (Doc. 76). Plaintiffs William T. Cooper, Jay R. Holcomb, Jeffery D. Johnson, Jeremy S. Stoelting, and James D. Patton filed a response in opposition (Doc. 79), and Securus has replied. (Doc. 80).

### I. BACKGROUND

This Court previously described the relevant background facts in this case. (Doc. 73 at 1-2). To briefly summarize, the Sheriff's Department for Mississippi County, Missouri contracted for Securus to provide "Location Based Services" ("LBS"). Through LBS, the department could identify a person's general location by "pinging" their telephone and triangulating the responses of local cell towers. Securus required users to upload documentation demonstrating that the searches were legally authorized. Cory Hutcheson, Sheriff of Mississippi County, routinely uploaded irrelevant or forged documentation in order to utilize Securus' technology to conduct unauthorized searches on Plaintiffs.

1

On December 2, 2019, Securus filed a motion to dismiss all claims (Doc. 69), which this Court granted in part. (Doc. 73). In its decision, this Court denied Securus' request for dismissal of Count II of Plaintiffs' Second Amended Complaint alleging a violation of 42 U.S.C. § 1983. (Doc. 53 at ¶¶ 48-57). In the instant motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), Securus again argues that it cannot be held liable under 42 U.S.C. § 1983 because it did not act under color of state law.

## II.   LEGAL STANDARD

In deciding a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), the Court "accept[s] all facts pled by the nonmoving party as true and draw[s] all reasonable inferences from the facts in favor of the nonmovant." *Waldron v. Boeing Co.*, 388 F.3d 591, 593 (8th Cir. 2004) (citations omitted). This is a "strict standard, as 'judgment on the pleadings is not properly granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" *Unite Here Local 74 v. Pinnacle Entertainment, Inc.*, 2011 WL 65934, at *2 (E.D. Mo. Jan. 10, 2011) (quoting *United States v. Any and All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). Ultimately, a motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Clemmons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009).

## III.   DISCUSSION

In Count II of their Second Amended Complaint, Plaintiffs allege that Securus is liable under 42 U.S.C. § 1983 based on the following:

2

- "Securus entered into a contract with Mississippi County to provide LBS and specifically, to allow Mississippi County personnel, such as Mr. Hutcheson, to 'ping' cell phones." (Doc. 53 at ¶ 49).

- "Securus acted in joint participation with both Mississippi County, Missouri and Mr. Hutcheson when Securus provided LBS." (*Id.* at ¶ 52).

- "In order to make LBS more valuable, Securus intentionally makes it easier for users to obtain LBS by turning a blind eye to the documents uploaded to its platform and by refusing to implement procedures to review requests for LBS." (*Id.* at ¶ 53).

"The essential elements of a § 1983 claim are (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009) (citing *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999)). Securus argues that the pleadings fail to allege that Securus acted under color of state law. When ruling on Securus' motion to dismiss, this Court assessed applicable precedent and reached the following conclusion on this question:

> Plaintiffs have alleged sufficient facts from which the Court could reasonably conclude that Securus was a "willful participant in joint activity with the State or its agents." *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 151 (1970). Put simply, the Mississippi County Sheriff's Department could not conduct LBS tracking without Securus and Securus—which asserts that its users are "exclusively law enforcement personnel" (Doc. 69 at 1)—sells a product designed to be used in tracking individuals for criminal investigation. Securus is a willing participant in the joint activity of conducting LBS searches. For the same reasons, the Court concludes that Plaintiffs' allegations, accepted as true, illustrate a close nexus between the Mississippi County Sheriff's Department and Securus and between the Sheriff's Department and the alleged deprivation. *See Meier v. City of St. Louis*, 934 F.3d 824, 829 (8th Cir. 2019). (Doc. 73 at 4).

Securus claims that this Court "applied the wrong standard for deciding whether a private party can be treated as a state actor for a section 1983 claim." (Doc. 76 at 1). Specifically, Securus contends that in order to have been a "willful participant" in the Mississippi County Sherriff's Department's unconstitutional tracking activities, Securus must have "reached a mutual understanding concerning the unlawful objective of a conspiracy." *Dossett v. First State Bank*, 399

3

F.3d 940, 951 (8th Cir. 2005). Because there was no conspiracy to violate constitutional rights, Securus argues, the services were not provided under color of state law.

Securus offers an unduly narrow interpretation of Supreme Court and Eighth Circuit precedent on this complex, fact-intensive issue. "An act violating the Constitution is considered to have occurred under color of law if it is 'fairly attributable' to a governmental entity." *Meier*, 934 F.3d at 829 (quoting *Smith v. Insley's, Inc.*, 499 F.3d 875, 880 (8th Cir. 2007)). The Supreme Court has clarified that "[w]hat is fairly attributable is a matter of normative judgment, and the criteria *lack rigid simplicity.*" *Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288, 295 (2001) (emphasis added). At this early stage, Plaintiffs need only allege facts indicating that Securus' activities are fairly attributable to a governmental entity.

In *Brentwood Academy*, the Supreme Court identified a "host of factors that can bear on the fairness of such an attribution," including whether a private actor "operates as a 'willful participant in a joint activity with the State or its agents.'" *Id.* at 296 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982)). The Eighth Circuit has noted that these "particular circumstances are merely examples and not meant to be exclusive." *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007). Instead, a court can only reach a conclusion by "sifting facts and weighing circumstances." *Id.* (quoting *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 722 (1961)). There is a consistent requirement, however, that there be a "close nexus" between the state and the private party. *Id.* (citing *Brentwood Academy*, 531 U.S. at 295).

On the willful participant test specifically, Securus cites various Eighth Circuit cases suggesting that the private party must have "reached an understanding with state officials to deny civil rights." *Steele v. City of Bemidji*, 257 F.3d 902, 906 (8th Cir. 2001) (citations omitted); *see also DuBose v. Kelly*, 187 F.3d 999, 1003 (8th Cir. 1999) ("The key inquiry is whether the private

party was a willful participant in the corrupt conspiracy."). Securus essentially reads into Eighth Circuit precedent a requirement that the private actor intended to violate constitutional rights. But the Eighth Circuit has described the test as asking whether the private party was a willful participant in activity "which activity deprived the plaintiff of a constitutional right." *Murray v. Wal-Mart, Inc.*, 874 F.2d 555, 558-59 (8th Cir. 1989). More recently, the Eight Circuit has inquired only whether the private actor is a "willful participant in joint activity with the [governmental entity] or its agents." *Meier v. City of St. Louis*, 934 F.3d 824, 829 (8th Cir. 2019) (quoting *Wickersham*, 481 F.3d at 597).

*Meier* is particularly instructive, and the parties expressly compare its facts to the case at hand. In *Meier*, Plaintiff's truck was involved in a hit and run, and the St. Louis Metropolitan Police Department ("SLMPD") accordingly marked the truck as "wanted" in an information system shared by law enforcement. *Id.* at 826. Officers from the Maryland Heights Police Department ("MHPD") subsequently encountered the truck and arranged for it to be towed by Doc's Towing, a private company. *Id.* When Plaintiff went to retrieve the truck from Doc's Towing, she was informed that MHPD had released the truck but SLMPD still had a hold. *Id.* SLMPD informed Plaintiff they would release the truck if Plaintiff's son answered questions about the hit and run. *Id.* Plaintiff eventually hired a lawyer and Doc's Towing released the truck after being provided a release order from SLMPD. *Id.* Plaintiff brought § 1983 claims against both the City of St. Louis and Doc's Towing.

The Eighth Circuit determined that Doc's Towing's had a mutual understanding with SLMPD because Doc's Towing would hold the truck until SLMPD released it. *Id.* at 830. There was no evidence that Doc's Towing intentionally participated in an unlawful conspiracy to violate Plaintiff's rights; Doc's Towing was simply following the orders of the SLMPD. According to the

Eighth Circuit, this evidence sufficiently "indicate[d] that SLMPD and Doc's Towing shared a mutual understanding concerning the truck and that Doc's Towing willfully participated in SLMPD's policy." *Id.* Doc's Towing did not have to knowingly violate a constitutional right in order to have acted under color of state law; it only had to willfully participate in state action which violated a constitutional right.

Securus attempts to distinguish *Meier* on two grounds. First, Securus argues that Doc's Towing's conduct required governmental authority while sharing of LBS information frequently occurs outside the government context. (Doc. 80 at 6). The Court questions the factual basis for this distinction and notes that towing of vehicles may also occur without government intervention. Many municipalities permit towing of vehicles off private property without law enforcement involvement. *See, e.g.*, University City, Missouri Traffic Code § 385.110(C). Regardless, Defendant Cory Hutcheson's activities did occur in the context of LBS searches by a government official; the Court fails to see how it is relevant that such searches may also occur in private contexts.

Securus also attempts to distinguish *Meier* by noting that Doc's Towing took affirmative steps while Securus only allegedly "turn[ed] a blind eye." (Doc. 80 at 6). According to Securus, Doc's Towing "knew their conduct was unlawful" yet still held the truck. *Id.* at 7. The *Meier* court did not find that Doc's Towing knew their conduct was unlawful; the Eighth Circuit quoted deposition testimony from the President of Doc's Towing stating that they would hold the truck until the SLMPD released it. *Meier*, 934 F.3d at 830. Similarly, according to Plaintiff's allegations, Securus would blindly execute LBS searches upon request by the Sheriff's Department for Mississippi County.

This Court finds that Plaintiffs have alleged sufficient facts to demonstrate that Securus was a willful participant in a joint activity with the department. The Court notes, moreover, that Supreme Court precedent does not require a determination of whether Securus acted under color of law to fit neatly into one of the established tests. At this early stage, Plaintiffs have sufficiently alleged that there was a close nexus between Securus and the Mississippi County Sheriff's Department, and that Securus' activities are fairly attributable to this governmental entity. *See Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007) (describing other facts courts may consider when assessing whether private action was under color of state law).

Securus briefly argues that it cannot be held liable under § 1983 because it did not have a policy of engaging in unconstitutional conduct. (Doc. 76 at 14-15). "[A] corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies." *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993) (citing *Monell v. Department of Social Servs.*, 436 U.S. 658, 690 (1978)). Securus selectively cites *Crumpley-Patterson v. Trinity Lutheran Hosp.* for the proposition that Plaintiffs were required to allege "[d]eliberate indifference to or tacit authorization of such conduct . . . after notice . . . of that misconduct." 388 F.3d 588, 590-91 (quoting *S.J. v. Kansas City Mo. Pub. Sch. Dist.*, 294 F.3d 1025, 1028 (8th Cir. 2002)).

Just after this remark, however, the court in *Crumpley-Patterson* expressly stated that the plaintiff "need not . . . specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss." *Id.* at 591 (citing *Doe v. Sch. Dist. of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003)). As the court explained in *Doe*: "When a complaint is filed, a plaintiff may not be privy to the facts necessary to accurately describe or identify any policies which may have caused the deprivation of a constitutional right." *Doe*, 340 F.3d at 614. Plaintiffs' Second Amended

7

Complaint includes multiple factual allegations from which "one could begin to draw an inference that the conduct complained of resulted from an unconstitutional policy or custom." *Id.* If Plaintiffs are unable to identify such an unconstitutional policy or custom after discovery, Securus is free to renew this argument in a motion for summary judgment.

### IV.   CONCLUSION

Under applicable Supreme Court and Eighth Circuit precedent, and drawing all inferences in favor of the nonmovant, Plaintiffs' factual allegations are sufficient to establish a plausible claim that Securus was a willful participant in state activity which deprived Plaintiffs of a constitutional right. Plaintiff's allegations also permit this Court to draw an inference that such conduct occurred pursuant to an unconstitutional policy or custom. Therefore, Securus is not entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Securus Technologies, Inc.'s Motion for Judgment on the Pleadings (Doc. 76) is **DENIED**.

Dated this 3rd day of December 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE