# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| WILLIAM T. COOPER, JAY R. HOLCOMB, JEFFERY D. JOHNSON, JEREMY S. STOELTING, and JAMES D. PATTON, | ) ) ) ) ) |
| Plaintiffs, | ) Case No. 1:17-cv-00073 |
| V. | ) ) ) |
| SHERIFF CORY HUTCHESON, et al., | ) ) ) |
| Defendants. | ) |

## JOINT MOTION FOR PROTECTIVE ORDER

Plaintiffs William T. Cooper, Jay R. Holcomb, Jefferey D. Johnson, Jeremy S. Stoelting, and James D. Patton and Defendant Securus Technologies, LLC f/k/a Securus Technologies, Inc. hereby jointly move the Court to enter their Proposed Protective Order, a copy of which is attached as **Exhibit A**.

THE LIMBAUGH FIRM

BY:   */s/ Curtis O. Poore*
      Curtis O. Poore, #38067MO
      John C. Steffens, #63267MO

407 N. Kingshighway, Suite 400
P. O. Box 1150
Cape Girardeau, MO 63702-1150
Telephone:  573/335-3316
Fax:  573/335-0621
Email: curt@limbaughlaw.com

Email: jsteffens@limbaughlaw.com

ATTORNEYS FOR PLAINTIFFS

SQUIRE PATTON BOGS (US) LLP

BY: */s/ Adam R. Fox*
    Adam R. Fox (admitted *pro hac vice*)

Adam R. Fox (admitted *pro hac vice*)
Gabriel Colwell (admitted *pro hac vice*)
Marisol C. Mork (admitted *pro hac vice*)
Squire Patton Bogs (US) LLP
555 South Flower Street, 31st Floor Los Angeles, California 90071 Telephone: (213) 624-2500
Facsimile: (213) 623-4581
adam.fox@squirepb.com
gabriel.colwell@squirepb.com
marisol.mork@squirepb.com

Shawn T. Briner, #MO47286
Briner Law Group
424 S. Woods Mill Road, Suite 330
Chesterfield, Missouri 63017
Telephone: (314) 478-7227
Facsimile: (314) 448-4300
shawn.briner@brinerlaw.com

*Attorneys for Defendant Securus Technologies, LLC f/k/a Securus Technologies, Inc.*

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| WILLIAM T. COOPER, JAY R. HOLCOMB, JEFFERY D. JOHNSON, JEREMY S. STOELTING, and JAMES D. PATTON, | ) ) ) ) ) |
| Plaintiffs, | ) Case No. 1:17-cv-00073 |
| V. | ) ) ) ) |
| SHERIFF CORY HUTCHESON, et al., | ) ) ) |
| Defendants. | ) |

## PROTECTIVE ORDER

Before the Court is a Joint Motion for Entry of Protective Order, agreed to by all parties, in which the parties request that the Court enter a protective order governing the production, use, and dissemination of certain confidential, personal, proprietary, and/or trade secret information in connection with this proceeding.  After considering the motion and for good cause shown, the Court GRANTS the Motion and ORDERS as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential business information, highly personal and private information (e.g., medical records), or other confidential research, development, commercial, or proprietary information belonging to any of the parties, or non-parties;

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. Such documents and information designated as "Confidential" may include documents or information containing, relating to, or reflecting, any confidential, proprietary, sensitive, or technical information, as well as any financial information, including customer lists, business plan(s), or pricing, rates and costs; personal or medical records or information; records whose disclosure is restricted or prohibited by statute; and other non-public corporate documents and information. Documents or Information that are already available to the public as of the date of the entry of this Order may not be designated as "Confidential."

4. If a party or non-party producing documents in this action (a "Designating Party") believes in good faith that a document contains trade secrets or other highly sensitive competitive or confidential information about a party's business that would, if disclosed to all other Parties or non-parties to this action, create a substantial risk of identifiable harm to the Designating Party, then the Designating Party may designate those particular document(s) as "Confidential— Attorneys' Eyes Only."

5. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers

to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," or "Confidential—Attorneys' Eyes Only" and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. Any party filing any document under seal must comply with the requirements of the Federal Rules of Civil Procedure and any applicable Local Rules.

6.  All documents, transcripts, or other materials subject to this Order, and all information derived therefrom whether oral or written (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" or "Confidential—Attorneys' Eyes Only" hereunder), shall not be used, directly or indirectly, by any party for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action (including any appeals or related legal proceeding) in accordance with the provisions of this Order. The parties and their counsel agree that the documents and other information produced by another party in this case and labelled in accordance with this Order will not be used outside of this case, except for such disclosures as are required by law or court rule or order.

7.  For testimony given in depositions the Designating Party may either:

(a) identify on the record, before the close of the deposition, all "Confidential" or "Confidential—Attorneys' Eyes Only" testimony, by specifying all portions of the testimony that qualify as "Confidential" or "Confidential—Attorneys' Eyes Only"; or

(b) designate the entirety of the testimony at the deposition as "Confidential" or "Confidential—Attorneys' Eyes Only" (before the deposition is concluded) with the right to identify more specific portions of the testimony as to which protection is sought within 30 days

following receipt of the deposition transcript. In circumstances where portions of the deposition testimony are designated for protection, the transcript pages containing "Confidential" or "Confidential—Attorneys' Eyes Only" information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential" or "Confidential—Attorneys' Eyes Only," as instructed by the Designating Party.

8. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than:

(a) the Court and its officers, including any special master appointed by the Court, members of the jury, law clerks, court reporters, mediators appointed by the Court or jointly selected by the parties;

(b) parties to this litigation;

(c) counsel for the parties, whether retained outside counsel or in-house counsel and employees or agents of counsel assigned to assist such counsel in this litigation;

(d) Court reporters, recorders, and videographers engaged for depositions;

(e) the author or an original recipient of the document (not including a person who received the document in the course of litigation);

(f) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information;

(g) present or former employees of the Designating Party in connection with their depositions in this action;

(h) persons who are retained by counsel for one or more of the parties in connection with this action, such as consultants or expert witnesses, and those persons' staff working under their direct supervision, to the extent that disclosing such matters to those staff is reasonably necessary to litigate this action, but only after such persons have signed and delivered the "Declaration of Compliance" attached hereto as Exhibit A;

(i) independent document reproduction, recording, storage, or retrieval services, to the extent that disclosing such matters to those services is reasonably necessary to litigate this action but only after such persons have signed and delivered the "Declaration of Compliance" attached hereto as Exhibit A;

(j) other persons only upon consent of the Designating Party and on such conditions as the parties may agree.

9. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential—Attorneys' Eyes Only", or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential—Attorneys' Eyes Only" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential—Attorneys' Eyes Only" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than:

(a) a party's counsel, whether retained as counsel of record in this action, as outside counsel, or as in-house counsel,  as well as employees and agents of said counsel to whom it is

reasonably necessary to disclose the information for this litigation and who have signed the "Declaration of Compliance" attached hereto as Exhibit A;

(b) persons who are retained by counsel for one or more of the parties in connection with this action, such as consultants or expert witnesses, and those persons' staff working under their direct supervision, to the extent that disclosing such matters to those staff is reasonably necessary to litigate this action, but only after such persons have signed and delivered the "Declaration of Compliance" attached hereto as Exhibit A;

(c) the Court and its personnel, including any special master appointed by the Court, members of the jury, law clerks, court reporters, mediators appointed by the Court or jointly selected by the parties;

(d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation (such as recorders or videographers, etc.) and who have signed and delivered the "Declaration of Compliance" attached hereto as Exhibit A;

(e) the author or recipient of the document or the original source of the information.

10. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of this action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraphs 7 and 8 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

11. Nothing in this Order shall prevent a party from using at trial any information or

materials designated "Confidential" or "Confidential—Attorneys' Eyes Only".

12. This Order has been sought to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," or "Confidential—Attorneys' Eyes Only" nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

13. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Designating Party, or counsel may certify that they have destroyed all copies of such materials (excluding work product materials).

14. The inadvertent production by any of the Parties or non-Parties of any document, testimony, or information during discovery without a "Confidential" or "Confidential—Attorneys' Eyes Only" designation, shall be without prejudice to any claim that such item is "Confidential" or "Confidential—Attorneys' Eyes Only" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any document, testimony, or information that is subject to a "Confidential" or "Confidential—Attorneys' Eyes Only" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject document, testimony, or information designated as "Confidential" or "Confidential—Attorneys' Eyes Only" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced document, testimony, or information shall promptly

destroy the inadvertently produced document, testimony, or information and all copies thereof, or, at the expense of the Designating Party, return such together with all copies of such document, testimony or information to counsel for the Designating Party and shall retain only the "Confidential" or "Confidential—Attorneys' Eyes Only" materials. Should the receiving Party choose to destroy such inadvertently produced document, testimony, or information, the receiving Party shall notify the Designating Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any document, testimony, or information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of documents, testimony or information, such law shall govern.

15. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court, and will commit to making any filings under seal and/or arranging to submit the challenged document(s) to the Court for *in camera* review to resolve the challenge.  During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated by all parties as "Confidential" or "Confidential—Attorneys' Eyes Only" subject to the provisions of this Protective Order.  The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality.

16. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of any documents,

transcripts and materials afforded confidential treatment pursuant to this Order.

17. The Court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case. But a party may file a motion to seek leave to reopen the case to enforce the provisions of the Order.

18. If additional persons or entities become parties to this lawsuit, they must not be given access to or provided any documents or information designated as "Confidential" or "Confidential—Attorneys' Eyes Only" until such person or entity files with the Court their written representation and agreement to be bound by the provisions of this Order.

19. The parties agree to extend the provisions of this Order to documents and information produced in this case by third parties, if timely requested by the third party.

20. If a receiving party is served with a subpoena or an order issued in another litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the Designating Party, in writing, as soon as possible and in no event more than four (4) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The receiving party must also promptly inform in writing the party who caused the subpoena or order to be issued in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to be issued.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidential, sensitive or proprietary information from disclosure in the legal proceeding in which the subpoena or order was issued. The Designating Party bears the burden and the expense of

seeking protection in that legal proceeding of its confidential, sensitive or proprietary information. The obligations set forth in this paragraph remain in effect while a party has in its possession, custody, or control, any information designated as confidential by any other party to this case as well as third-parties covered by this Order.

IT IS SO ORDERED.

Dated: _____, 2020         _____
                                                                             JUDGE

**EXHIBIT A**

### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

| | |
|---|---|
| WILLIAM T. COOPER, JAY R. HOLCOMB, JEFFERY D. JOHNSON, JEREMY S. STOELTING, and JAMES D. PATTON, </br></br>Plaintiffs, </br></br>V. </br></br>SHERIFF CORY HUTCHESON, et al., </br></br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) </br></br>Case No. 1:17-cv-00073 |

### CONFIDENTIALITY ACKNOWLEDGEMENT

I, _____, being duly sworn on oath, state as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Protective Order entered in this action on _____, 20___.

5. I have carefully read and understand the provisions of this Protective Order.

6. I will comply with all provisions of this Protective Order.

7. I will hold in confidence and will not disclose to anyone not qualified under the Protective Order, any information, documents or other materials produced subject to this Protective Order.

144322978.1

- 2 -

8.      I will use such information, documents or other materials produced subject to this Protective Order only for purposes of this present action.

9.      Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10.     I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Protective Order in this action.

DATED: _____

_____
Signature

_____
Individual or Entity Represented

Subscribed and sworn to before me, a notary public, this \_\_\_ day of _____, 20\_\_\_.

_____
Notary Public

My Commission expires: _____