## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| WILLIAM T. COOPER, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CORY HUTCHESON, et al., )<br>)<br>Defendants. ) | Case No. 1:17-CV-00073-JAR |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendant Securus Technologies, LLC's ("Securus") Motion to Certify Order for Interlocutory Appeal. (Doc. 84). The motion is fully briefed and ready for disposition. For the reasons discussed below, the motion will be denied.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Securus contracted with the Sheriff's Department of Mississippi County, Missouri (the "Department") to provide Location Based Services ("LBS"). After uploading documentation demonstrating a search was authorized, the Department could "ping" a phone and obtain its location through Securus' technology. Unfortunately, it appears that Defendant Cory Hutcheson, in his role as Sheriff of Mississippi County, frequently uploaded irrelevant or forged documents to conduct unauthorized searches on Plaintiffs.

Count II of Plaintiffs' Second Amended Complaint alleges that Securus violated 42 U.S.C. § 1983 through its provision of LBS to the Department. (Doc. 53 at ¶¶ 48-57). Securus contends that its provision of LBS was not under color of state law for § 1983 purposes. This Court denied Securus' attempt to dismiss Count II on this ground. (Doc. 73). Securus subsequently filed a Motion for Judgment on the Pleadings making a similar argument, which was denied by this Court

1

on December 3, 2020. (Doc. 81). Securus now requests that this Court certify for interlocutory appeal its decision denying judgment on the pleadings as to Plaintiffs' § 1983 claim.

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal when it determines (1) that such order "involves a controlling question of law" (2) as to which there is "substantial ground for difference of opinion" and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The purpose of the statute is to "provide interlocutory appeal in exceptional cases in order to avoid protracted and expensive litigation." *Paschall v. Kansas City Star Co.*, 605 F.2d 403, 406 (8th Cir. 1979). Interlocutory appeal should be permitted "sparingly and with discrimination," given it has "long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the courts and the litigants." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) (quoting *Control Data Corp. v. Int'l Bus. Machs. Corp.*, 421 F.2d 323, 325 (8th Cir. 1970)). The movant "bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *Id.* (citing *Bank of New York v. Hoyt*, 108 F.R.D. 184, 189 (D.R.I. 1985)). "It is within the trial court's discretion to grant or deny a motion for interlocutory appeal, and also within the discretion of the court of appeals to certify the appeal." *Felts v. Reed*, 4:20-CV-00821 JAR, 2021 WL 168746, at *1 (E.D. Mo. Jan. 19, 2021).

## III.   DISCUSSION

### A.   Timeliness of Motion

Though § 1292(b) does not establish a time limit for seeking interlocutory appeal, "a district judge should not grant an inexcusably dilatory request." *Richardson Elecs., Ltd. v. Panache Broad. of Pennsylvania, Inc.*, 202 F.3d 957, 958 (7th Cir. 2000) (citations omitted). While the

2

Eighth Circuit Court of Appeals has not specifically addressed this issue, courts in this circuit have adopted the principle that "any delay in seeking certification [of interlocutory appeal] must be reasonable." *Franklin v. Gen. Trucking LLC*, Civ. No. 07-5002, 2008 WL 4531779, at *1 (W.D. Ark. Oct. 8, 2008); *see also Day v. Celadon Trucking Servs., Inc.*, No. 4:09-CV-00031 SWW, 2012 WL 12792162, at *2 n.2 (E.D. Ark. Mar. 13, 2012) (excusing two-month delay in seeking certification where movant hired new counsel in interim); *Hammer v. Sam's East, Inc.*, No. 08-CV-00788-W-HFS, 2010 WL 11508800, at *2-3 (W.D. Mo. Jan. 15, 2010) (denying motion in part because defendant waited over three months before seeking certification).

This Court denied Securus' motion to dismiss Count II on July 13, 2020. (Doc. 73). Securus did not seek interlocutory appeal of the decision. This Court proceeded to deny judgment on the pleadings as to Count II on December 3, 2020. (Doc. 81). Securus did not seek interlocutory appeal until two months later, on February 3, 2021. (Doc. 84). Securus has provided no explanation for the delay. Given this case was filed in May 2017 and has only recently passed the pleadings stage, moreover, this Court is particularly unwilling to grant such a delayed request. Accordingly, this Court will deny the instant motion because it was inexcusably dilatory and Securus has provided no reasonable explanation for the delay.

B. § 1292(b) Requirements

Securus argues that the legal standard governing private actor liability under § 1983 is a controlling question of law subject to substantial grounds for difference of opinion and that interlocutory appeal will materially advance termination of the litigation. An act occurs under color of law if such action is "fairly attributable" to a governmental entity. *Smith v. Insley's, Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). The Supreme Court has cautioned that this inquiry "is a matter of normative judgment, and the criteria lack rigid simplicity." *Brentwood Acad. v. Tennessee*

3

*Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). A private actor's behavior is fairly attributable to a governmental entity if, among other potential reasons, the private actor was a "willful participant" in joint activity with the government. *Murray v. Wal-Mart, Inc.*, 874 F.2d 555, 558-59 (8th Cir. 1989).

The key issue on which Securus disagrees with this Court is the nature of the intent required to say that a private actor was a willful participant. Securus argues that willful participation "requires *mens rea* specifically for the misconduct – a mutual understanding with the government to violate the constitutional rights of others." (Doc. 84 at 7). This Court considers such an interpretation unduly narrow, at least as described by Securus, and especially in light of the Eighth Circuit's recent decision in *Meier v. City of St. Louis*, 934 F.3d 824, 829 (8th Cir. 2019).[1]

While this disagreement presents an important question of law, the question is not controlling in this case, nor would its certification for appeal materially advance the termination of this litigation. In denying judgment on the pleadings, this Court held that Plaintiff had sufficiently alleged that "there was a close nexus between Securus and the [ ] Department, and that

---

[1] Securus claims that this Court "held that liability attaches to a private party so long as it intends to participate in joint activity with a governmental actor who then violates a constitutional right." (Doc. 84 at 7). This statement suggests that this Court's analysis should be clarified (even though such clarification is not necessary to dispose of the instant motion). Not every relationship with a governmental actor will establish the "close nexus" required to find that a private entity's actions were fairly attributable to the government.

As this Court explained when analyzing *Meier*, "Doc's Towing did not have to knowingly violate a constitutional right in order to have acted under color of state law; it only had to willfully participate in state action which violated a constitutional right." (Doc. 81 at 6). This Court recognizes that willful participation is not equivalent to mere participation; but willful participation also does not require knowing violation of constitutional rights. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) ("The word 'willful' is widely used in the law, and, although it has not by any means been given a perfectly consistent interpretation, it is generally understood to refer to conduct that is not merely negligent."); *Black's Law Dictionary* (10th ed. 2014) (emphasis added) ("Voluntary and intentional, but not necessarily malicious. A voluntary act becomes willful in law, only when it involves conscious wrong or evil purpose on the part of the actor, *or at least inexcusable carelessness*.").

A private actor cannot escape willful participation under § 1983 by actively avoiding knowledge of illegality. Plaintiffs' Second Amended Complaint alleges that Securus willfully participated by intentionally turning a blind eye to Defendant Cory Hutcheson's illegal activities and automatically pinging Plaintiffs' locations with "reckless and callous indifference" to Plaintiffs' rights. (Doc. 53 at ¶ 52-57). Such allegations are sufficient to survive a motion for judgment on the pleadings.

4

Securus' activities are fairly attributable to this governmental entity." (Doc. 81 at 7). This Court specifically clarified that Supreme Court precedent did *not* require the color of law inquiry to fit into one of the established tests. (*Id.*). At this early stage of litigation, Plaintiffs were only required to plausibly allege that there was a "close nexus" such that Securus' actions were fairly attributable to the Department. Ultimately, deciding whether such a close nexus existed and Securus' actions actually were fairly attributable to the Department will require a fact-intensive inquiry. Therefore, even if Securus' interpretation of the particular question it seeks to appeal were correct, this Court's decision would remain unchanged because Plaintiffs have made sufficient factual allegations to avoid judgment on the pleadings as to Count II.

"In order for an appeal to involve a controlling question of law, the appeal must raise some question of law which governs at least a claim, if not the whole case or defense." *McNamara v. Katten Muchin Rosenman LLP*, No. 4:16-CV-01203-SRB, 2017 WL 11493632, at *2 (W.D. Mo. Apr. 21, 2017) (citing *Harris v. Luckey*, 918 F.2d 888, 892 (11th Cir. 1990)). Resolution of the "willful participant" question at this stage would not necessarily dispose of Plaintiffs' § 1983 claim. Similarly, when "litigation will be conducted in substantially the same manner regardless of our decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." *White*, 43 F.3d at 378-79 (citations omitted). Because the question Securus seeks to appeal is not dispositive of Plaintiffs' § 1983 claim at this juncture of the litigation, Securus has failed to meet the requirements of § 1292(b).

### IV.     CONCLUSION

Interlocutory appeals must only be certified "sparingly and with discrimination." *Control Data Corp. v. Int'l Bus. Machs. Corp.*, 421 F.2d 323, 325 (8th Cir. 1970). Securus has not met this high burden. First, Securus has provided no reasonable explanation for its waiting two months

after this Court's decision to seek permission to appeal. Second, Securus has not met the requirements of § 1292(b) because the appeal would neither involve a controlling question of law nor materially advance termination of this litigation.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Securus Technologies, LLC's Motion to Certify Order for Interlocutory Appeal (Doc. 84) is **DENIED**.

Dated this 12th day of April, 2021.

                                          JOHN A. ROSS
                                          UNITED STATES DISTRICT JUDGE